IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEANO McCORT,**

      **Petitioner,**

v.                                                      Case No. 2:17-cv-828
                                                          Judge Michael H. Watson

**WARDEN, BELMONT**                    Magistrate Judge Jolson
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition (Doc. 3), Respondent's Motion to Dismiss (Doc. 8), Petitioner's Opposition (Doc. 9), and the exhibits of the parties. Respondent did not file a Reply. For the reasons that follow, the undersigned **RECOMMENDS** that Respondent's Motion be **GRANTED** and this action be **DISMISSED.**

**I.    FACTS AND PROCEDURAL HISTORY**

The state appellate court summarized the facts and procedural history of this case as follows:

> On December 3, 2015, the Muskingum County Grand Jury indicted appellant on one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, one count of theft (less than $1,000.00) of an elderly victim in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, and one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. The burglary charge related to a burglary at the home of Wilma Good, who was at all relevant times living in a nursing home. At his arraignment on December 9, 2015, appellant entered a plea of not guilty to all of the charges.
>
> Subsequently, a jury trial commenced on February 23, 2016. The jury, on the same date, found appellant guilty of all of the charges. As memorialized in an Entry filed on April 5, 2016, appellant was sentenced to thirty-six (36) months in prison.

*State v. McCort*, 85 N.E.3d 214, 215 (Ohio 2017). On February 6, 2014, the appellate court affirmed the judgment of the trial court. *Id.* To correct a typographical error, the appellate court issued a *nunc pro tunc* opinion and judgment entry on March 24, 2017. (Doc. 8-1, PAGEID #: 81–87).

On March 31, 2017, Petitioner filed a *pro se* application to reopen his direct appeal, alleging ineffective assistance of appellate counsel, due to his counsel's failure assert the following assignment of error:

> The trial court erred when it failed to dismiss this case due to lack of evidence. The Prosecution failed to meet the "burden of proof" required when establishing the elements of the case. A violation of the Fourth Amendment of the United States Constitution.

(Doc. 8-1, PAGEID #: 91). The State opposed Petitioner's application for reopening. (*Id.*, PAGEID #: 94). On May 4, 2017, the Court of Appeals denied the application for reopening but did not reach the merits because Petitioner failed to satisfy the requirements of App. R. 26(B)(2)(e). (*Id.*, PAGEID #: 98). The Court of Appeals noted, however, that on direct appeal, "a sufficiency argument was made by appellate counsel, although unsuccessfully." (*Id.*). Petitioner did not appeal the denial of his application to reopen his direct appeal.

Petitioner likewise did not file a timely appeal of the appellate court's underlying decision to the Ohio Supreme Court. Instead, Petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court on June 6, 2017. (*Id.*, PAGEID #: 99–121). Petitioner argued that his delayed appeal should be permitted because his appellate counsel failed to provide him with a copy of the Court of Appeals' March 24, 2017 *nunc pro tunc* opinion and judgment entry. (*Id.*, PAGEID #: 104–05). The Ohio Supreme Court denied

Petitioner's motion for delayed appeal and dismissed the case on July 26, 2017. *State v. McCort*, 78 N.E.3d 908 (Ohio 2017).

On September 22, 2017, Petitioner filed his *pro se* petition under 28 U.S.C. § 2254. (Doc. 3). Petitioner's single ground for relief is lengthy but is captured in the following quote from the Petition:

> **Ground One**: The Petitioner, Deano McCort (hereinafter "McCort") was convicted of burglary in violation of an Ohio Revised Code, specifically R.C. 2911.12(A)(3). This conviction stems from an allegation that McCort entered a building or house. The home itself was unoccupied and was known to be an unoccupied structure for well over three years. The owner of the home was no longer a resident of the structure, but was now residing at a nursing home facility. McCort's conviction is against the legal sufficiency of the statute.

(*Id.* at 6).

## II. DISCUSSION

Respondent argues that Petitioner's claim is procedurally defaulted. (*See generally* Doc. 8). For the reasons that follow, this Court agrees.

### A. Procedural Default

#### 1. *Standard*

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims must first present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*,

459 U.S. 4, 6, 103 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). However, where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas[.]" *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" describes the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State—such that the State has not had a fair chance to correct any errors made in the course of the trial or the appeal—before a federal court intervenes in the state criminal process. One aspect of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not "fairly presented" to the state courts.") (citing *Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir. 1987)). In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.*

Further, a claim is considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *Id.* If a petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court and no avenue of relief remains open, or if it would otherwise be futile for a petitioner to continue to

pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

A petitioner can overcome procedural default, however, by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (holding that if a claim is procedurally default o, it must not be considered unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent.") (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). Of note, the "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

### 2. *Application*

In his sole claim, Petitioner asserts that the evidence was insufficient to find him guilty of burglary because the home at issue was unoccupied. Petitioner did not file a timely appeal of this claim to the Ohio Supreme Court. Instead, Petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court (Doc. 8-1, PAGEID #: 99–121), which denied his motion and dismissed the case. *McCort*, 78 N.E.3d 908. Consequently, Respondent argues that Petitioner has procedurally defaulted this claim.

Petitioner's appeal to the state appellate court challenged the sufficiency of the evidence, asserting that "the structure in question was not an occupied structure…." (Doc. 8-1, PAGEID #: 65–68). Although Plaintiff generally claimed a violation of the Fourth Amendment, his claim

was based solely on state law.  (*See id.*).  That is, he never identified any federal constitutional issues, nor did he refer to any federal case or state court case employing federal constitutional analysis in support of his claim.  He now has no state remedies to pursue.  The claim he asserts in his Petition would have to have been asserted on direct appeal.  Because he did not do so, his claim was not fairly presented and is now foreclosed by procedural default.

As explained above, when a claim is procedurally defaulted, federal habeas review is barred unless the petitioner can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.  In order to establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray*, 477 U.S. at 488.  "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'"  *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991)).

Here, Petitioner claims a delayed appeal was necessary because he did not receive a timely copy of the Court of Appeals' *nunc pro tunc* decision.  As Respondent explains:

> the Court of Appeals issued its nunc pro tunc opinion on March 24.  McCort, *pro se*, filed an Application for Reopening pursuant to Ohio App.R. 26(B) on March 31.  So McCort was clearly aware of the conclusion of his appeal less than a week after the opinion's issuance.  Even if he did not receive a copy from his attorney, he had more than enough time to request one from the court, for an appeal to the Ohio Supreme Court that is not due until 45 days after the lower court's decision.

(Doc. 8 at 8).  Because Petitioner was aware of the Court of Appeals' *nunc pro* tunc decision, he fails to sufficiently allege any factor external to the defense that precluded him from raising this claim in a state-court filing.

6

Further, to the extent Petitioner relies on an ineffective assistance of counsel claim to constitute cause to excuse his procedural default, *see Edwards v. Carpenter*, 529 U.S. 446, 453 (2000), it generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray*, 477 U.S. at 479). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards*, 529 U.S. at 450–51. Here, Petitioner's ineffective assistance of counsel claim was not found by the state court to have amounted to a violation of the Sixth Amendment, and thus it does not constitute cause to excuse Petitioner's procedural default.

Although Petitioner does not meet the cause-and-prejudice standard, because that standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495–96). Upon review of the record, the undersigned concludes that is not the case here because the state appellate court has already considered and rejected Petitioner's argument. *McCort*, 85 N.E.3d at 214–17. That court found:

> In the case sub judice, although Wilma Good was no longer living in her house, the house was not abandoned and all of her belongings, clothing and furniture remained in the house. There was testimony that she intended to move back into the house. As noted by appellee"[r]egardless of whether her health made her moving back likely or not, she did not abandon her home, was in a nursing home

> for long-term care, and her son testified that he had intentions of preparing the house for sale." We find that the house maintained its residential purpose.
>
> Based on the foregoing, we find that there was sufficient evidence that the house was an "occupied structure" and that appellant's conviction for burglary is not against the sufficiency of the evidence.

*Id*. at 216. Thus, the appellate court overruled Petitioner's sole assignment or error and affirmed the judgment of the Muskingum County Court of Common Pleas. *Id*. For the same reasons, Petitioner's argument that he is "actually innocent" of the substantive offense fails.

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss (Doc. 8) be **GRANTED** and this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

8

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:  April 18, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE