# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DEANO MCCORT,

    Petitioner,

v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTE,

    Respondent.

CASE NO. 2:17-CV-828

JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Petitioner, a state prisoner, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 3. On April 18, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the petition be denied and that this action be dismissed. ECF No. 10. Petitioner objects to the R&R. ECF No. 11. Pursuant to 28 U.S.C. § 636(B), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections are **OVERRULED** and the R&R is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court further **DECLINES** to issue a certificate of appealability ("COA").

Petitioner challenges his February 23, 2016, conviction in the Muskingham County Court of Common Pleas for burglary in violation of Ohio Revised Code § 2911.12(A)(3). On February 6, 2017, the state appellate court affirmed that conviction, and on March 23, 2017, it issued a *nunc pro tunc* Order correcting a

typographical error in its original determination. ECF No. 8–1, at PAGE ID ## 81–87. Petitioner failed to timely appeal the March 23, 2017, *nunc pro tunc* Order to the Ohio Supreme Court by or before May 8, 2017.[1] Instead, on March 31, 2017, Petitioner filed an unsuccessful motion to re-open his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, and on June 6, 2017, filed an unsuccessful motion for a delayed appeal in the Ohio Supreme Court. *Id.* at PAGE ID ## 89–95, 103–18. Because the Ohio Supreme Court denied Petitioner's motion for a delayed appeal, the Magistrate Judge correctly concluded in this case that Petitioner's habeas claim is procedurally barred.

In his objections, Petitioner alleges that his procedural default should be excused because his failure to file a timely direct appeal to the Ohio Supreme Court was caused, in part, by the state appellate court, which failed to provide him with a copy of the March 23, 2017, *nunc pro tunc* Order. ECF No. 11, at PAGE ID # 144. Alternatively, he asserts that his default should be excused because he is "actually innocent." *Id.* at PAGE ID # 151.

Regardless of whether Petitioner has established that his default should be excused, the Magistrate Judge correctly concluded that Petitioner's claim is based solely on state law. ECF No. 10, at PAGE ID # 137. Accordingly, the

---

[1] The parties operate under the shared belief that Petitioner was required to appeal the *nunc pro tunc* Order to the Ohio Supreme Court instead of the original determination. The Court does the same.

Court finds that Petitioner fails to raise a claim of Constitutional dimension, and, thus, it is not cognizable under federal habeas review.

Specifically, in his sole claim for relief, Petitioner alleges that he was convicted of violating Ohio's burglary statute, which, in relevant part, criminalizes entry into an "occupied structure" with the intent to commit a criminal offense. O.R.C. § 2911.12(A)(3). Petitioner contends that he raises a Constitutional claim because he challenges the sufficiency of the evidence used to demonstrate that he entered an occupied structure given that the victim who normally resided in the home that he burglarized had been living in a nursing home for several years. ECF No. 11, at PAGE ID # 150. Allegations that the evidence used to support a conviction are insufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt do state a claim under the Due Process Clause of the Fourteenth Amendment pursuant to *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Nevertheless, the Court finds that Petitioner does not allege a *Jackson* sufficiency claim but instead attempts to use a petition for habeas corpus to advance his preferred interpretation of state law.

The state appellate court noted that under Ohio law, an occupied structure is statutorily defined as "any house . . . maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is present." ECF No. 8–1, at PAGE ID ## 84–85 (citing O.R.C. § 2909.01(C)). It then cited to opinions from Ohio courts finding that a structure that: 1) is

dedicated to residential use, and 2) has not been abandoned, is "maintained" as a dwelling even if its usual occupant is absent for a prolonged period or is receiving long-term care in a nursing home. *Id.* at PAGE ID ## 85–86. The state appellate court explained that Ohio courts have held that "the relevant inquiry in determining whether a structure is occupied concerns the residential purpose of the dwelling, rather than the presence or absence of an occupant." *Id.*, at PAGE ID # 86. It then concluded that the house at issue constituted an occupied structure even though the normal occupant was not living in it. *Id.* The state appellate court found that the house was not abandoned and that it retained its residential purpose— there was evidence that the normal occupant's belongings remained in the house, and although there was evidence that her health problems made it unlikely, there was also evidence that she intended to move back into the house. *Id.*

Petitioner does not challenge the sufficiency of the evidence used to show that the house had not been abandoned or the evidence used to show that the house had retained its residential purpose.[2] Instead, Petitioner insists that the house was not an occupied structure as defined by Ohio law because its normal occupant was living in long-term care. ECF No. 11, at PAGE ID # 150. The normal occupant's living situation does not, however, appear to have been a

---

[2] The record contains excerpts from trial transcripts of testimony to these facts. ECF No. 8–1, at PAGE ID # 72.

contested evidentiary issue. Rather, the state appellate court cited to Ohio cases finding that as a matter of Ohio law, a normal occupant's presence or absence is immaterial because they do not impact whether a home is maintained as a dwelling—abandonment and residential purpose do. ECF No. 8–1, at PAGE ID ## 85–86. Although Petitioner insists that he challenges the sufficiency of the evidence used to convict him, he actually asks this Court to disturb that determination of Ohio law.[3] It is well-settled, however, that a federal habeas court is bound by the state court's interpretation of state law that was "announced on direct appeal of the challenged conviction." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (explaining that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions")); *Coole v. Coyle*, 289 F.3d 882, 901–02 (6th Cir. 2002) (holding that a claim that "Ohio court did not apply Ohio law correctly . . . is not justiciable in federal habeas proceedings"). For that reason, state law claims like this one, that are "disguised" as sufficiency of the evidence claims brought under *Jackson*, are not cognizable under § 2254. *Thorne v. Lester,* 641 F. App'x. 541, 54 (6th Cir. 2016) (finding that a claim was not cognizable where a petitioner asserted that state merger rules were misapplied;

---

[3] In his objections, Petitioner asserts, for the first time, that there is also insufficient evidence that he entered the home that he burglarized. ECF No. 11, at PAGE ID # 150. This claim is clearly barred because it was never presented to the state court in Petitioner's direct appeal. ECF No. 8–1, at PAGE ID ## 62–68. In any event, the record contains excerpts from trial transcripts that belie this assertion. *Id.* at PAGE ID # 71.

claim was a state law claim disguised as a sufficiency of the evidence claim brought under *Jackson*); *Jenkins v. Dailey,* 348 F. App'x. 114, 118–19 (6th Cir. 2009) (finding that petitioner was "impermissibly attempting to use a petition for habeas corpus to press his preferred interpretation of state law" even though he "recast" his claim as a sufficiency of the evidence claim brought under *Jackson*).

The opinion in *Powell v. Berghuis*, is instructive. 560 F. App'x. 442, 449 (6th Cir. 2013). In that case, a habeas petitioner purportedly challenged the sufficiency of the evidence used to support his conviction under Michigan law for second-degree home invasion. Michigan law required a showing that an accused entered a "dwelling," which was statutorily defined as "a structure or shelter that is used permanently or temporarily as a place of abode." *Id.* (citing Mich. Comp. Laws. § 750.110a(1)(a)). The petitioner claimed that the house that he had entered had been condemned and no one was living in it at the time of his entry; thus, it could not constitute a dwelling. *Id.* The *Powell* court found that the Michigan appellate court had, however, rejected that argument because under Michigan law, an inhabitant's intent to use a structure as a place of abode was the primary factor in determining whether a structure constituted a dwelling. *Id.* The *Powell* court explained that the petitioner's conviction had been affirmed because the homeowner testified that fire damage had caused him to be absent from the home, that he intended to live in the house, and that he was living in it at the time of trial. *Id.* The *Powell* court concluded that the petitioner's claim— that

the state appellate court erred by finding intent determinative instead of presence—constituted an inappropriate invitation to the federal court to "superintend the Michigan courts in determining what is essential to establish the element of a dwelling under state law." *Id*. The *Powell* court further concluded that such a claim was a "state law claim disguised as a [sufficiency of the evidence claim brought under] *Jackson*" which "is not cognizable on federal habeas review." *Id*.

Such are the circumstances here. Petitioner does not claim that the state court did not receive evidence to support the elements of his conviction as those elements were defined by the state court. *See Jackson*, 443 U.S. at 324, n.16 (explaining that the sufficiency standard "must be applied with explicit reference to the substantive elements of the criminal offense *as defined by state law*.") (emphasis added). Rather, Petitioner advances his interpretation of Ohio law as to the definition of an occupied structure and then argues that the evidence was insufficient to prove that element as he has defined it. Such a claim is a state law claim disguised as a sufficiency of the evidence claim under *Jackson*. Accordingly, it fails to raise a claim of Constitutional dimensions, and it is not cognizable under § 2254.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a COA. A state prisoner who seeks a writ of habeas corpus in federal court does not

have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court **DECLINES** to issue a COA. The Court is not persuaded that reasonable jurists could debate whether Petitioner's allegations raise only a state law claim that is not subject to habeas review.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**